COLGIN v. UNITED STATES MERCANTILE REPORTING CO.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

PLEADING—AMENDMENT—SEPARATING CAUSES OF ACTION.
A complaint for libel, which recites as a single cause of action two separate publications concerning plaintiff, may be amended so as to state separately each publication as a separate cause of action.

Appeal from special term, New York county.

Action by William M. Colgin against the United States Mercantile Reporting Company for libel. From an order striking out the first cause of action from the amended complaint, plaintiff appeals. Reversed.

## The original complaint is as follows:

The plaintiff, by his attorney, S. L. Samuels, for his complaint herein alleges: First. Upon information and belief, that at all the times hereinafter mentioned the defendant was and is a corporation created and organized under the laws of the state of New York. Second. That the plaintiff now is, and hitherto has been, of good name, fame, and reputation, and at the time of making and publishing the false, scandalous, and malicious libel hereinafter mentioned of and concerning plaintiff, he was engaged in the business of buying and selling dry goods, as a merchant, in the town of Gatesville, in the state of Texas. Third. That the defendant now is, and for a long time past has been, engaged in the business of making reports, in writing and otherwise, concerning the solvency, credit, and reputation of merchants and others, for the benefit of its subscribers, of whom it has, and has had, large numbers throughout the United States. Fourth. That the defendant, contriving and maliciously intending to draw and bring the plaintiff into contempt and ignominy, and to cause it to be believed that plaintiff was unworthy of credit as a merchant in his said business, did, at the city of New York, and at various other places throughout the United States, and on or about the 25th day of August, 1894, make, devise, compose, write, and publish, and cause to be made, composed, written, and published, a certain false, scandalous, and malicious libel of and concerning the plaintiff, in words following; that is to say: "Colgin & Powell, W. M. Colgin, has been doing business here (by 'here' meaning said town of Gatesville, Texas) for several years, with one or two failures to his record, and he appears to have lost the confidence of the trade. Powell is a relative, said to be a saloon keeper from Wichita Falls, with some little means, estimated at $2,500; and he was admitted in January, 1893, in hope of strengthening the firm's credit. Up to writing, the change has not made any noticeable impression on the trade in Ft. Worth, where the account is either handled on a cash basis, or sharp thirty (30) days; and, in short, their success seems to be regarded out of the question, as long as Colgin remains at the head of affairs. The Martin-Brown Co. and Butts Bros., of Fort Worth, know all about them; and, so far as Colgin is concerned, he is not entitled to the slightest consideration in the way of credit. W. M. Colgin—dry goods, etc.—opened here (by 'here' meaning said town of Gatesville) in 1885, from Calvert, Texas; and he had a partner for a time, and until August, 1887, as Colgin & Co. Compromised with his creditors in the fall of 1891, when he left for Weatherford, Texas; and he returned here in February, 1894. In January, 1893, he admitted a relative named Powell, a saloon keeper at Wichita Falls, Texas, with the object of improving his credit, but his little scheme did not work. The business also fell off very materially at Weatherford, and in the branch store at Taylor, Texas, his sharp methods being directly opposed to confidence; and it is very much doubted if he will do any better at this point, his failure having lost him the confidence of the trade. The stock runs to ten or twelve thousand dollars. He is said to do a cash business, and appears to pay current bills without complaint. Heretofore he has bought largely at Ft. Worth, Texas, the account being handled either for cash, or sharp thirty; and both the man and his methods are well known in that city to the Martin-Brown Co. and Butts Bros." Fifth. That, by reason of the premises, plaintiff has been greatly damaged in his good name, fame, and reputation, and in his said business, and has been refused credit by merchants, to his damage twenty-five thousand dollars. Wherefore plaintiff demands judgment against defendant in the sum of twenty-five thousand dollars, besides the costs of this action.

## The amended complaint is as follows:

The plaintiff, for his amended complaint herein, alleges for a first cause of action: First. Upon information and belief, that at all the times hereinafter mentioned the defendant was and is a corporation created and organized under the laws of the state of New York. Second. That the plaintiff now is, and hitherto has been, of good name, fame, and reputation, and at and before the time of making and publishing the false, scandalous, and malicious libel hereinafter mentioned of and concerning plaintiff, he was a member of the mercantile firm of Colgin & Powell, which was engaged in the business of

buying and selling dry goods and other wares, as merchants, in the town of Weatherford, in the state of Texas. Third. That the defendant, at the times hereinafter mentioned, was engaged in the business of making reports, in writing, printing, and otherwise, concerning the solvency, credit, history, and reputation of merchants and others, which it sent to its subscribers, of whom it then had large numbers throughout the United States, and who paid it a pecuniary consideration for such services. Fourth. That the report mentioned in paragraph fifth of this first cause of action was printed, or caused to be printed, by defendant, and was sent, or caused to be sent, by it to its said subscribers, at or about the time mentioned in said paragraph. Fifth. That the defendant, contriving and maliciously intending to draw and bring the plaintiff into contempt and ignominy, and to cause it to be believed that plaintiff was unworthy of credit as a merchant in his said business, did, at the city of New York, and at various other places throughout the United States, and on or about the 30th day of June, 1893, make, devise, compose, write, print, and publish, or cause to be made, composed, written, printed, or published, a certain false, scandalous, and malicious libel of and concerning the plaintiff, in words following; that is to say: "Weatherford, Texas, Parker County, June, 1893. Colgin & Powell. William M. & H., dry goods, etc. (meaning William M. Colgin, the plaintiff, and H. Powell, the persons composing said firm of Colgin & Powell, and that they were engaged in the business of buying and selling dry goods, etc.). Colgin (meaning plaintiff) has been doing business here (by "here" meaning said town of Weatherford, Texas) for several years, with one or two failures to his record, and he appears to have lost the confidence of the trade. Powell is a relative, said to be a saloon keeper, from Wichita Falls, with some little means, estimated at $2,500; and he was admitted in January, 1893, in the hope of strengthening the firm's credit. Up to this writing the change has not made any noticeable impression on the trade in Fort Worth, * * where the account is either handled on a cash basis, or sharp 30 (meaning that Colgin & Powell and Colgin alone had no credit at Fort Worth, Texas, where they bought goods, and could only buy goods there for cash, or on a credit not longer than 30 days), and in short their success seems to be regarded out of the question so long as Colgin remains at the head of affairs." Sixth. That, by the two stars contained in the next preceding paragraph, defendant meant and so published that it had additional items of information concerning Colgin & Powell, which had reference to Ft. Worth, Texas, and which were not intended to subvert what was already said by defendant concerning Colgin & Powell, and which it would communicate to its subscribers personally or by letter. That said additional item so referred to was as follows: "* * The Martin-Brown Co. and Butts Bros. know all about them; and, so far as Colgin is concerned, he is not entitled to the slightest consideration in the way of credit (meaning that the Martin-Brown Co. and Butts Bros., who were merchants doing business at Ft. Worth, Texas, and were wholesale houses of great prominence and influence, would confirm what was stated in the report specified in paragraph fifth, and in the report specified in paragraph sixth)." And plaintiff alleges, on information and belief, that defendant, on or about June 30, 1893, for the purpose and object specified in paragraph fifth of this complaint, maliciously published the said additional item, the same being false and libelous, of and concerning plaintiff. Seventh. That, by reason of the premises, plaintiff has been greatly damaged in his good name, fame, and reputation, and in his credit as a merchant, and in his said business, and has been refused credit by merchants, all to his damage in the sum of twelve thousand five hundred ($12,500) dollars.

For a second cause of action: First. Plaintiff repeats, as though the same were here stated in full, the allegations contained in paragraphs first and third of the first cause of action. Second. That the plaintiff now is, and hitherto has been, of good name, fame, and reputation, and at and before the time of making and publishing the false, scandalous, and malicious libel hereinafter mentioned of and concerning plaintiff, he was engaged in the business of buying and selling dry goods and other wares, as a merchant, in the town of Gatesville, in the state of Texas. Third. That the report mentioned in paragraph fourth of this second cause of action was printed, or

caused to be printed, by defendant, and was sent, or caused to be sent, by it to its said subscribers, on or about the time mentioned in said paragraph. Fourth. That the defendant, contriving and maliciously intending to draw and bring the plaintiff into contempt and ignominy, and to cause it to be believed that plaintiff was unworthy of credit as a merchant in his said business, did, at the city of New York, and at various other places throughout the United States, and on or about the 31st day of May, 1894, make, devise, compose, write, print, and publish, or cause to be made, composed, written, printed, and published, a certain false, scandalous, and malicious libel of and concerning the plaintiff, in words following; that is to say: "Gatesville, Texas. May, 1894. W. M. Colgin, dry goods, etc., opened here (meaning that plaintiff had opened a business in the selling of dry goods and other wares and merchandise at said town of Gatesville, Texas) in 1885, from Calvert, Texas; and he had a partner for a time, and until August, 1887, as Colgin & Co. Compromised with his creditors in the fall of 1891, when he left for Weatherford, Texas, and he returned here (by 'here' meaning Gatesville, Texas) in February, 1894. In January, 1893, he admitted a relative named Powell, a saloon keeper at Weatherford, Texas, with the object of improving his credit, but his little scheme did not work. The business also fell off very materially at Weatherford, and in the branch store at.Taylor, Texas, his sharp methods being directly opposed to confidence; and it is very much doubted if he will do any better at this point, his failure having lost him the confidence of the trade. The stock runs $10,000 to $12,000. He is said to do a cash business, and appears to pay current bills without complaint. Heretofore he has bought largely at Ft. Worth, Texas, the account being usually handled either for cash, or sharp 30 (meaning that in his usual transactions at Ft. Worth he could obtain no credit, and was obliged to purchase either for cash, or on a credit not longer than thirty days); and both the man and his methods (meaning the sharp methods which were directly opposed to confidence above mentioned) are well known in that city to the Martin-Brown Co., and to Butts Bros. (meaning that the Martin-Brown Co. and Butts Bros., who were merchants of high standing, influence, and prominence, doing business at Ft. Worth, Texas, would give information confirming the statements of this report)." Fifth. That, by reason of the premises, plaintiff has been greatly damaged in his good name, fame, and reputation, and in his said business, and in his credit as a merchant, and has been refused credit by merchants, to his damage twelve thousand five hundred ($12,500) dollars. Wherefore plaintiff demands judgment against defendant for the sum of twenty-five thousand ($25,000) dollars, besides the costs of this action.

Argued before BARRETT, RUMSEY, PATTERSON, and IN-GRAHAM, JJ.

S. L. Samuels, for appellant.
John B. Talmage, for respondent.

PER CURIAM. We think the order below was entirely unauthorized. The plaintiff, by his original complaint, alleged the publication of the statement referred to in the first cause of action, but alleged that it was made in connection with another statement, which, in the amended complaint, constitutes a second cause of action. The amendment was merely to separate the two publications as having been made at two separate times, instead of both at one time, as alleged in the original complaint. There was nothing in this amendment which stated a new and independent cause of action. It was simply separating in the amended complaint two causes of action that had been improperly joined. If the defendant published of and concerning the plaintiff the statement contained in the first cause of action, the plaintiff has the right to sue to recover the damages sustained by such publication; and the sep-

arating of the two causes of action, alleged in the original complaint as one cause of action, does not now prevent the defendant from pleading any defense to either of the causes of action that he may have. The question as to the right to serve the amended pleading is not before us. The amended complaint was received without objection, and no motion was made to set it aside as improperly served.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.